[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties to this dissolution action intermarried on April 4, 1970, the plaintiff being now age fifty-one and the defendant age sixty-seven. It is a second marriage for the defendant, and he has three children by that prior union. There are two children from the present marriage, and all children are now adults.
Negative events and circumstances have been present during the relationship. The plaintiff complains that at the outset she had the defendant's children to care for; that Mr. Powers devoted an excessive amount of time to his insurance business and his political career; and that she worked very hard to keep things going. On the other hand, the defendant was a hard worker, often working at two jobs, and in addition to problems arising in his public career, he had to contend with a wife who suffered from alcoholism and who was guilty of improper conduct. As to the alcoholism, the plaintiff received therapy and treatment, and so far as appears, she is coping with the problem and is now gainfully employed as a trained nurse. The parties are now living separately.
The circumstances as to the majority of the assets involved are unusual in that they were inherited and owned solely by the defendant prior to his ever meeting or marrying Mrs. Powers. These assets include the Worthington Ridge property; real estate on the East side of the Wilbur Cross CT Page 8258 Highway and also real estate located on its West side and also the Coburn Meredith stock portfolio. The Cape Cod property was acquired subsequent to this marriage but the down payment for it and the restoration costs came from Mr. Powers' inheritance.
As to the bulk of the marital assets the contribution made by the plaintiff was minimal in nature. That being so, one must recognize that her award may properly suffer accordingly. See criteria set forth in General Statute 46b-81. See also Ashton v. Ashton, 31 Conn. App. 736.
With further reference to the assets, testimony was presented through two C.P.A. experts as to the value of the defendant's interest in the insurance agency. From that testimony it is concluded that the book value thereof is a very low figure. However, the "Book of Business" — that is the stream of potential new business available — is a matter that would be of interest to a possible buyer.
It is noted that neither party suggests an award of alimony.
In view of the applicable law and the evidence the following judgment may enter:
1. The marriage is dissolved on the ground of irretrievable breakdown.
2. The plaintiff is ordered to quitclaim to the defendant all of her interest in the Cape Cod property in exchange for the defendant paying to her the sum of $100,000.00 plus the other sums hereinafter ordered.
In addition there are other items acquired by the parties during their marriage and because of them the defendant is ordered to pay to the plaintiff the following sums:
For 830 Wilbur Cross Highway $20,625
 For the cash value of defendant's life insurance policy 10,000
Deferred compensation payment 24,000 CT Page 8259
Individual Retirement Account 17,500
 For the plaintiff's care-taking and home making 25,000 ------- $97,125
3. All payments shall be made within three months from the date of judgment.
4. The plaintiff shall have the items of personal property enumerated in paragraph 6 on page 5 of "Plaintiff's Proposed Findings and Orders" dated June 23, 1995.
5. The defendant shall maintain the plaintiff on the present group health insurance at his cost until January 1, 1996.
6. Except as stated above, both parties shall retain the ownership of all property now in their control.
John M. Alexander State Trial Referee